| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>MILSTEAD & ASSOCIATES, LLC<br>By: Andrew M. Lubin<br>Atty. ID: AL0814<br>1 E. Stow Road<br>Marlton, NJ 08053<br>(856) 482-1400<br>File No. 218262-6<br>Attorneys for Movant: Select Portfolio Servicing as servicing agent for U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2006-HE10, Asset-Backed Certificates Series 2006-HE10 | Order Filed on December 18, 2018<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Robert R. Watson and Deseree C. Watson | Case No.: 18-21896-ABA<br>Chapter 13<br><br>Hearing Date: November 13, 2018<br>Time: 10:00 AM<br><br>Judge: Andrew B. Altenburg, Jr. |

**ORDER RESOLVING**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

The relief set forth on the following pages, numbered two (2) through four (4) is hereby **ORDERED.**

**DATED: December 18, 2018**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Upon the motion of Milstead & Associates, LLC, Attorneys for the Select Portfolio Servicing as servicing agent for Secured Creditor, U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2006-HE10, Asset-Backed Certificates Series 2006-HE10 ("Mortgagee"), under Bankruptcy Code section 362(d) for relief from the Automatic Stay as to certain real property as set forth in the motion papers, and the parties having been represented by their respective counsel, Tamika Nicole Wyche, Esquire, and for good cause shown, it is ORDERED as follows:

1. The automatic stay as provided for by 11 U.S.C. §362 shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. Mortgagee is the holder of a mortgage which is a lien on real property owned by Debtors known as and located at 1 Pierson Place, Sicklerville, NJ 08081 (the "Property").

3. The parties certify that there is a post-petition delinquency which is to be cured pursuant to the terms of this Order, said delinquency consisting of the following:

| 5 Payments: 7/1/2018 – 11/1/2018 @ $1,239.27 | $6,196.35 |
|---|---|
| Suspense Balance | ($0.00) |
| **Total Post-Petition Arrears** | **$6,196.35** |

4. Commencing on December 1, 2018, Debtor shall resume making regular monthly mortgage payments currently in the amount of $1,239.27, and will pay late charges if applicable.

5. Debtors shall make a payment of $2,502.76 to Mortgagee within five days of the entry of this Order. The payment of $2,502.76 will reduce the total of the post-petition arrears to the amount of $3,693.59.

6. In order to cure the balance of the post-petition arrears, commencing on December 1, 2018, and continuing through April 1, 2019, Debtor shall tender $615.60 per month to Mortgagee

in addition to the regular monthly payment and with the regular payment of May 1, 2019, Debtor shall tender an additional $615.59.

7. All payments are to mailed to Select Portfolio Servicing, Inc., P.O. Box 65250, Salt Lake City, UT 84165-0250. Debtors shall reference the loan number on any and all payments made pursuant hereto.

8. Should Debtors' regular monthly payment amount change, Debtors shall be notified of such change by Mortgagee, and the monthly payment amount due under the terms of this Order shall change accordingly.

9. In the event that Debtor is in default pursuant to the terms and conditions of this Order for a period of thirty (30) days, or if any of the funds paid fail to clear for insufficient funds or are dishonored for any reason, Secured Creditor may send Debtors and Debtors' Counsel a written notice of default of this Order. If the default is not cured within ten days of the date of such notice, Mortgagee may obtain an Order Vacating the Automatic Stay as to Real Property by submitting a Certification of Default to the Court indicating any such payment(s) more than thirty (30) days in default. In the event that a notice of default is forwarded, it is agreed that Secured Creditor may file a Certification of Default absent a full cure.

10. A copy of any Certification of Default and the proposed order must be served upon the Trustee, Debtors, and Debtors' counsel at the time of submission to the Court. A certificate of service shall be filed by counsel for Mortgagee evidencing same.

11. In the event the instant bankruptcy case is converted to a case under Chapter 7, Debtor shall cure the pre-petition and post-petition mortgage arrears within ten (10) days from the date of such conversion. Should Debtor fail to cure said arrears within the ten (10) day period, such failure shall be deemed a default under the terms of this stipulation and Mortgagee

may send Debtors and Debtors' counsel a written notice of default.  If the default is not cured within ten (10) days from the date of said notice, counsel for Mortgagee may file a Certification of Default with the Court, upon notice to the trustee, Debtors, and Debtors' counsel, and the Court shall enter an Order granting relief from the Automatic Stay as to the Property.